UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHRISTOPHER S. SHANK (#451620)                                CIVIL ACTION

VERSUS

JAMES LeBLANC, ET AL.                                          NO. 12-0695-SDD-RLB

RULING ON MOTION

This matter comes before the Court on the plaintiff's Consolidated Motion for Appointment of Counsel and Stay of proceedings, rec.doc.no. 18.

The pro se plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Secretary James M. LeBlanc, Warden N. Burl Cain, Dpty Warden Darrel Vannoy, Dpty Warden Richard Peabody, Ass't Warden Leslie Dupont, Ass't Warden Cathy Fontenot, Ass't Warden Joseph Lamartiniere, Ass't Warden Troy Poret, Major Bo Whitaker, Capt. Cody Butler, Major Perry Dixon and five (5) unidentified "John Doe" correctional officers, complaining that the defendants have violated his constitutional rights through deliberate indifference to a serious risk of danger to his safety and well-being. Specifically, the plaintiff complains of a policy in effect at LSP which allows dangerous inmates to possess hobbyshop tools which pose a serious risk of danger to other inmates and which in fact resulted in his sustaining injury on December 2, 2011, when he was attacked by a co-inmate. The plaintiff further complains that he was thereafter denied due process during disciplinary proceedings conducted relative to the referenced incident.

The Court notes, at the outset, that the Court does not have the power or authority under § 1915(d) to "appoint" counsel in a civil rights case in the sense of requiring and compelling an

attorney to represent the plaintiff in connection with his claims.  See Mallard v. United States District Court, 490 U.S. 296, 309 (1989).  Section 1915(d), by its express terms, authorizes the Court only to "request" an attorney to represent an in forma pauperis litigant.  Id.  Further, an in forma pauperis plaintiff seeking to assert a civil rights claim under § 1983 has no automatic right to the assistance of counsel under § 1915(d), and the Court is not required to seek such counsel "unless the case presents exceptional circumstances."  See Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982).  As explained in Ulmer, supra:

> Although "[n]o comprehensive definition of exceptional circumstances is practical," a number of factors should be considered in ruling on requests for appointed counsel. These include: (1) the type and complexity of the case...; (2) whether the indigent is capable of adequately presenting his case...; (3) whether the indigent is in a position to investigate adequately the case...; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in presentation of evidence and in cross examination ....

Id. at 213 (citation omitted).

In the instant case, the Court finds that "exceptional circumstances" requiring the appointment of counsel are not apparent at this time.  The plaintiff's Complaint is neither factually nor legally complex, and there is an insufficient showing that the other factors referenced in Ulmer, supra, require the appointment of counsel.  The plaintiff has set out the factual basis for his claim in his Complaint, and this pleading reflects that the plaintiff understands the proceedings and can address the issues presented.  The defendants have been directed to produce documents deemed pertinent to the plaintiff's claims, and the plaintiff has been authorized to undertake additional discovery through formal discovery channels.  The

plaintiff will be able to use these documents and the defendants' responses to discovery to cross-examine the defendants and prepare for trial.[1]

Further, it does not appear that any great skill will be needed to cross-examine the witnesses in connection with the issues in this case. <u>Pro se</u> plaintiffs are given great flexibility in the examination of witnesses, and the plaintiff has adequately presented his case thus far.

Further, to the extent that the plaintiff asserts that he has a limited knowledge of the law, this is true of nearly every prisoner who prosecutes a <u>pro se</u> lawsuit. For this reason, <u>pro se</u> pleadings are held to less stringent standards than formal pleadings drafted by attorneys. <u>Haines v. Kerner</u>, 404 U.S. 519 (1972). This Court is liberal in reviewing pleadings and motions filed by <u>pro se</u> inmates pursuant to § 1983, giving inmates ample opportunity to amend if necessary and granting generous extensions of time to comply with Court Orders.

Accordingly, in light of the Court's liberal construction of prisoner § 1983 pleadings and motions, coupled with the lack of complexity of the legal issues in this case, together with the plaintiff's apparent ability to litigate this action <u>pro se</u>, the Court finds that the appointment of counsel would be of little service to the Court in this case and would not significantly assist the plaintiff in the examination of the witnesses or in the sharpening of the issues for trial. Therefore, having considered the factors set forth in <u>Ulmer v. Chancellor</u>, <u>supra</u>, the Court finds that the appointment of counsel is not required or warranted in this case.

---

1. The plaintiff's assertion that he has been diagnosed with dyslexia and that co-inmate legal assistants are inadequate and have not provided him with competent legal assistance in this case is not found by the Court to present the type of exceptional circumstance which would warrant the appointment of counsel. The instant motion is well-reasoned and well-written, and there is no indication in the record that the plaintiff has been unable to understand the proceedings or is unable to effectively present his case.

Finally, the plaintiff also requests that the proceedings in this case be stayed pending the appointment of counsel. However, in light of the Court's determination that the plaintiff is not entitled to such appointment, the plaintiff is not entitled to a stay of proceedings. Accordingly,

**IT IS ORDERED** that the plaintiff's Consolidated Motion for Appointment of Counsel and Stay of Proceedings, rec.doc.no. 18, be and it is hereby **DENIED.**

Signed in Baton Rouge, Louisiana, on September 26, 2013.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**