UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHRISTOPHER S. SHANK (#451620)                           CIVIL ACTION

VERSUS

JAMES LeBLANC, ET AL.                                       NO. 12-0695-SDD-RLB

## O R D E R

This matter comes before the Court on the Plaintiff's *Motion for Preliminary Injunction*.[1]

The *pro se* Plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Secretary James M. LeBlanc, Warden N. Burl Cain, Dpty Warden Darrel Vannoy, Dpty Warden Richard Peabody, Ass't Warden Leslie Dupont, Ass't Warden Cathy Fontenot, Ass't Warden Joseph Lamartiniere, Ass't Warden Troy Poret, Major Bo Whitaker, Capt. Cody Butler, Major Perry Dixon, and five (5) unidentified "John Doe" correctional officers complaining that the Defendants have violated his constitutional rights through deliberate indifference to a serious risk of danger to his safety and well-being. Specifically, the Plaintiff complains of policies in effect at LSP which allow dangerous inmates to possess hobbyshop tools and implements which pose a serious risk of danger to other inmates and which in fact resulted in his sustaining injury on December 2, 2011, when he was attacked by a co-inmate. The Plaintiff further complains that he was thereafter denied due process during disciplinary proceedings conducted relative to the referenced incident.

---

[1] Rec. Doc. 60.

In the instant Motion, the Plaintiff seeks an *Order* compelling prison officials to "protect plaintiff from all LSP offenders with access to hobbyshop tools and materials," to "cease and desist any and all LSP hobbyshop functions until every dangerous hobbyshop tool and material is conficated [sic] [and] accounted for," to "implement adequate hobbyshop tool and material control policies," and "to station properly trained guards in every open LSP hobbyshop."

In order to obtain injunctive relief, the Plaintiff must demonstrate "(1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable harm if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest." *Lake Charles Diesel, Inc. v. General Motors Corp.*, 328 F.3d 192, 196 (5th Cir. 2003). "[A] preliminary injunction is an extraordinary remedy which should not be granted unless the party seeking it has 'clearly carried the burden of persuasion' on all four requirements." *Id.* at 196.

On the record before the Court, it does not appear that the Plaintiff is entitled to the relief requested. His allegations are conclusory, and he has not alleged with any degree of specificity that the Defendants named in this proceeding and employed at LSP are failing to provide him with adequate safety and protection. Although he complains of a single incident which allegedly caused him injury in 2011, he does not allege that he has sustained any injury since that time or that he has faced a serious threat of harm from any co-inmate during the intervening several years. Accordingly, the Plaintiff has failed to establish, in the first instance, that there is a substantial threat that he will suffer irreparable harm if injunctive relief is not granted. Having failed to establish this essential component

of entitlement to injunctive relief, the Plaintiff has failed to show that such relief is warranted in this case.  Accordingly, the instant Motion shall be denied.  Accordingly,

**IT IS ORDERED** that the Plaintiff's *Motion for Preliminary Injunction*[2] is **DENIED**.

Baton Rouge, Louisiana the ___27___ day of June, 2014.

SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[2] Rec. Doc. 60.