UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**CHRISTOPHER S. SHANK (#451620)**  CIVIL ACTION

**VERSUS**

**JAMES LeBLANC, ET AL.**  NO. 12-0695-JWD-RLB

**O R D E R**

This matter comes before the Court on the plaintiff's Motion for an Order for Sanctions (Rec. Doc. 88), pursuant to which he complains of the defendants' responses to the Court's Order of June 27, 2014 (Rec. Doc. 67), which Order directed the defendants to provide more complete responses to the plaintiff's written discovery. In addition, the plaintiff requests a continuance relative to the Court's consideration of the defendants' pending Motion for Summary Judgment (Rec. Doc. 22).

In the Court's Order of June 27, 2014 (Rec. Doc. 67), the Court addressed certain matters relative to the plaintiff's discovery requests and the defendants' responses thereto, and the Court directed the defendants, *inter alia*, to supplement their responses, making reasonable inquiry and providing their best recollection relative to the matters address therein. The defendants have now responded to the Court's Order. The plaintiff, however, is not satisfied with the responses provided.

The plaintiff first complains regarding the defendants' responses to his Interrogatory that requested information regarding the installation of locked fences, razor wire and video cameras in and around the prison hobby shops, including the dates of such installations, the reasons therefor, and the persons authorizing same. In response to this Interrogatory, defendant Burl

Cain has stated that "[t]here were no specific or documented dates on which the locked fences, razor wire and video cameras in and around the Hobby Shops were installed. There was no outside party hired for installations and therefore the installations were made as time and money permitted throughout many years." *See* Rec. Doc. 68. Defendant Darryl Vannoy has responded that he has no personal knowledge regarding the dates of installation but asserts that the installation was undertaken "for security of the institution." *See* Rec. Doc. 75. The remaining defendants have responded generally that they have no personal knowledge relative to the information requested and that, after making reasonable inquiry and exercising due diligence, they are unable to provide additional information. The Court finds these responses to be adequate.

The plaintiff next complains regarding the defendants' response to his Interrogatory that requested information regarding any and all incidents involving the use by offenders of hobby shop tools or materials during assaults at the prison between January, 1999, and the present date. All of the defendants, with the exception of defendants Burl Cain and James LeBlanc, *see* Rec. Docs. 68 and 79, have responded that they have no personal knowledge relative to the information requested and that, after making reasonable inquiry and exercising due diligence, they are unable to provide additional information. As to these defendants, the Court finds the responses to be adequate. To the extent that the plaintiff may believe that these responses are false or disingenuous, he may attack the credibility of the respondents through cross-examination in the event that this matter proceeds to trial. With regard to defendants Cain and LeBlanc, who have responded to this Interrogatory with an objection – notwithstanding that the Court's has previously rejected such objection – the Court will direct these defendants to supplement their responses to this Interrogatory.

The plaintiff next complains regarding the defendants' response to his Interrogatory that requested information regarding the use of hobby shop tools or materials during an attack on a prison security officer, David Knapps, in 1999. All of the defendants, with the exception of defendants Joseph Lamartiniere and Darryl Vannoy, *see* Rec. Docs. 71 and 75, have responded that they have no personal knowledge relative to the information requested and that, after making reasonable inquiry and exercising due diligence, they are unable to provide additional information. In addition, defendant Burl Cain has provided the identity of a person who may possess the information that the plaintiff requested. *See* Rec. Doc. 68. The Court finds these responses to be adequate. With regard to defendants Lamartiniere and Vannoy, one of whom has made an objection that has already been rejected by the Court and one of whom has failed to certify that, despite reasonable inquiry and the exercise of due diligence, he does not have personal knowledge regarding the matter addressed, the Court will direct these defendants to supplement their responses to this Interrogatory.

Turning to the defendants' responses to the plaintiff's Requests for Production, the plaintiff complains that the defendants' response to his Request for documentation regarding incidents at the prison involving the use of hobby shop tools or materials and occurring between 1999 and the present date is inadequate. The defendants have responded to this request by noting that the computer search directed by the Court will be effective only for incidents occurring after 2005 because, "[p]rior to 2005, there exist no computer database, it was manual paper based." *See* Rec. Doc. 8-1 at p. 1. Notwithstanding, the defendants have conducted the referenced computer search in connection with the database information that is available and, as directed by the Court, have conducted key word searches and identified incidents that are responsive to the plaintiff's request. Accordingly, the Court finds the defendants' response to

the plaintiff's request to be adequate, with one exception, specifically that the defendants have failed to provide mandated background documentation in connection with the identified incidents listed in their attachments nos. 1, 2 and 6 to their response. Accordingly, the defendants will be directed to provide a supplement to their response in this regard. The referenced background documentation should include, but not be limited to, disciplinary reports, unusual occurrence reports, investigative reports, disciplinary proceedings (including disciplinary appeals), and administrative remedy proceedings, and any other documentation which may have been generated in connection with the specific incidents identified in these attachments.

The plaintiff next complains regarding the defendants' response to his Request for and policies, procedures and regulations pertinent to incidents involving the use of hobby shop tools or materials by inmates during assaults on other inmates or security officers. The defendants have responded to this request by producing copies of Department Directive No. C-03-007 (relative to "Field Operations" and "Offender Personal Property Lists") and LSP Directive No. 09.036 (relative to "Hobbyshop Operations"). The Court finds the defendants' response to this Request to be sufficient.

The plaintiff next complains that the defendants have not provided him with an opportunity to inspect and take notes relative to items of clothing collected after the incident complained of in this proceeding and photographs taken after the referenced incident. In response to this Request, the defendants have provided certification that the referenced clothing was disposed of in 2011, but that photographs were taken of the clothing, and these photographs, as well as the other referenced photographs, have been exhibited to the plaintiff, and he has been provided with an opportunity to inspect and take notes relative thereto. The Court finds the

defendants' response to this Request to be adequate. Although the plaintiff complains that he has not been afforded an opportunity to take notes, the defendants have provided a statement signed by the plaintiff, Rec. Doc. 87-2, wherein he states that he has been "given reasonable opportunity to review [and] take notes" in connection with these photographs.

Finally, the plaintiff complains that defendants Burl Cain, Cathy Fontenot and James LeBlanc have failed to personally sign their original responses to the plaintiff's Interrogatories as directed by the Court. The Court notes, however, that these defendants have submitted new supplemental responses to each Interrogatory and have personally signed same. *See* Rec. Docs. 68, 69 and 79. Accordingly, the Court will not compel these defendants to sign and re-submit their original responses.

Although the plaintiff requests the imposition of sanctions as a result of the defendants's asserted failure to adequately comply with the Court's Order of June 27, 2014 (Rec. Doc. 67), the Court, in the exercise of its discretion, declines to impose such sanctions. In addition, whereas the plaintiff requests a continuance relative to the Court's consideration of the defendants' pending Motion for Summary Judgment, the Court declines to grant anything more than a short continuance in connection therewith. The defendants' Motion for Summary Judgment has been pending since October, 2013, and the Court has previously advised the plaintiff that a request for extension would not be entertained by the Court, *see* Rec. Doc. 86. Accordingly,

**IT IS ORDERED** that the plaintiff's Motion for an Order for Sanctions (Rec. Doc. 88) be and it is hereby **GRANTED IN PART**, such that, on or before **September 27, 2014:**

- Defendants Burl Cain and James LeBlanc shall file supplemental responses, without objection, to the plaintiff's Interrogatory No. 3, which requested

information regarding any and all incidents involving the use by offenders of hobby shop tools or materials during assaults at the prison between January, 1999, and the present date. These responses should be signed by the respective defendants and should comply with the Court's Order of June 27, 2014 (Rec. Doc. 67), by providing the defendants' best recollection, after reasonable inquiry and the exercise of due diligence, as to the requested information. In addition, to the extent that specific incidents are identified in the supplemental response, the defendants are directed to provide mandated background documentation relative to such incidents as noted below;

- Defendants Joseph Lamartiniere and Darryl Vannoy shall file supplemental responses, signed by the defendants and without objection, to the plaintiff's Interrogatory requesting information regarding the use of hobby shop tools or materials during the attack on David Knapps in 1999 and, relative to defendant Vannoy, with certification, if appropriate, that despite reasonable inquiry and the exercise of due diligence, he does not have personal knowledge regarding the matter addressed; and

- Defendants shall file a supplemental response to the plaintiff's Request for Production No. 1, providing mandated background documentation in connection with the incidents identified and listed in their attachments nos. 1, 2 and 6 to their prior response. The referenced background documentation should include, but not be limited to, disciplinary reports, unusual occurrence reports, investigative reports, disciplinary proceedings (including disciplinary appeals), and administrative remedy proceedings, and any other documentation which may

have been generated in connection with the incidents identified in the referenced attachments.

**IT IS FURTHER ORDERED** that the defendants's supplemental responses to the plaintiff's discovery shall be hand-delivered to the plaintiff on the same date that the responses are filed, and the defendants are directed to file a Notice of Compliance into the record certifying that this has been done.

**IT IS FURTHER ORDERED** that the plaintiff's request for the imposition of sanctions be and it is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's request for a continuance relative to the Court's consideration of the defendants' pending Motion for Summary Judgment be and it is hereby **GRANTED IN PART**, such that the plaintiff shall file any opposition he may have to the defendants' pending Motion for Summary Judgment on or before **September 3, 2014**.

Signed in Baton Rouge, Louisiana, on August 20, 2014.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**